O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FOLAJIMI IBIKUNLE AKINSHILO, | ) | NO. SACV 12-1456-TJH (MAN) |
| Petitioner, | ) | |
| v. | ) | ORDER DISMISSING PETITION WITHOUT PREJUDICE |
| ERIC J. HOLDER, et al., | ) | |
| Respondents. | ) | |

On September 5, 2012, Petitioner filed a 28 U.S.C. § 2241 habeas petition in this district ("Petition"). The Petition alleges that Petitioner is being held at the James A. Musick Facility in Irvine, California as an immigration detainee subject to a final order of removal. Petitioner alleges that: he has sustained both federal and state convictions; his application for asylum and withholding of removal was denied; following his release from state custody, he was taken into federal immigration custody on March 2, 2012; he has remained in immigration custody since then; and although immigration officials have attempted to obtain travel documents and remove Petitioner, the Nigerian consulate has refused to issue travel documents. Petitioner contends

that his immigration custody exceeds the six month presumptively reasonable limit on detention following a final order of removal. *See, e.g.*, Zadvydas v. Davis, 533 U.S. 678, 701, 121 S. Ct. 2491, 2505 (2001).

On September 11, 2012, United States Magistrate Judge Margaret A. Nagle issued an Order in which she observed that the allegations of, and exhibits to, the Petition raise a number of questions regarding Petitioner's current status ("September 11 Order"). She ordered that the Petition be served on counsel for Respondents Eric H. Holder, Jr. and Janet Napolitano, and she directed said Respondents to file a Response that addresses various specified issues and questions. The issues and questions identified in the September 11 Order were premised on the assumption that Petitioner actually remains in immigration detention as alleged in the Petition. The September 11 Order further provided that:

> Petitioner shall immediately notify the Court and counsel for Respondent of any change of Petitioner's address, including whether Petitioner is transferred to another place of detention. **If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action may be dismissed.**

(September 11 Order, § 4, p. 6.)

On October 5, 2012, in response to the September 11 Order, Respondents filed a Notice, in which they represented that Petitioner

2

was released from immigration detention, pursuant to an Order of Supervision, on September 25, 2012. Petitioner, however, has not advised the Court of any change in his address or detention status, as required by Local Rule 41-6 and the September 11 Order.

On October 10, 2012, Magistrate Judge Nagle issued an Order advising Petitioner that, in view of the foregoing events, it appears that the dismissal of this action for mootness is warranted ("October 10 Order"). The October 10 Order provided that:

> [W]ithin ten (10) days, Petitioner is directed to file and serve a response advising the Court whether he concedes that such dismissal is appropriate or he objects to dismissal. If Petitioner objects to the dismissal of this action, he must explain why the Petition has not been mooted by his release from immigration detention. In addition, Petitioner must comply with Local Rule 41-6 and file a Notice of Change of Address.
>
> **Petitioner is cautioned that the failure to file a timely response to this Order shall be deemed to constitute his concession that dismissal of this action, based on mootness, is appropriate.**

The deadline for Petitioner's response to the October 10 Order has passed, and Petitioner has not responded to the October 10 Order or otherwise communicated with the Court. As none of the Orders issued in this case and served on Petitioner have been returned by the United

States Postal Service, the Court assumes that Petitioner has received the Orders. Pursuant to the above-quoted caution provided to Petitioner in the October 10 Order, the Court further assumes he concedes that the dismissal of this action without prejudice, based on mootness, is appropriate.

Under Article III, § 2 of the United States Constitution, federal courts are barred from hearing matters, including habeas petitions, in the absence of a live case or controversy. *See, e.g.*, Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 983 (1998); Deakins v. Monaghan, 484 U.S. 193, 199, 108 S. Ct. 523, 528 (1988). A case becomes moot when it no longer satisfies the case or controversy requirement. Spencer, 523 U.S. at 7, 118 S. Ct. at 983. The case or controversy requirement demands that the parties continue to have a personal stake in the outcome of a federal lawsuit through all stages of the judicial proceedings. *Id.* "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id. (quoting* Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S. Ct. 1249, 1253 (1990)).

"If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." American Rivers v. Nat'l Marine Fisheries Service, 126 F.3d 1118, 1123 (9th Cir. 1997); *see also* Church of Scientology of Cal. v. United States, 506 U.S. 9, 12, 113 S. Ct. 447, 449 (1992)(case becomes moot if events following case filing make it impossible for the court to grant any meaningful relief). "The question is whether there can be any effective relief." Cantrell v.

City of Long Beach, 241 F.3d 674, 678 (9th Cir. 2001); *see also* NASD Dispute Resolution, Inc. v. Judicial Council of State of Calif., 488 F.3d 1065. 1067 (9th Cir. 2007)(whether a case or controversy remains depends on whether the court can give the litigant "'any effective relief in the event that it decides the matter on its merits in his favor'")(citation omitted).

In the specific context of habeas petitions, a habeas petition is moot when a petitioner's claim for relief cannot be redressed by the issuance of a writ of habeas corpus. *See* Spencer, 523 U.S. at 7, 118 S. Ct. at 983; Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005). The case or controversy requirement warrants a finding of mootness if: (1) the petitioner has received the relief requested in the petition; or (2) the court is unable to provide the petitioner with the relief sought. Munoz v. Rowland, 104 F.3d 1096, 1097-98 (9th Cir. 1997); *see also* Picrin-Peron v. Rison, 930 F.2d 773, 775-776 (9th Cir. 1991)(finding appeal of habeas case brought by alien who had been indefinitely detained by the INS but was released prior to consideration of the appeal to be moot).

As the Supreme Court observed in Spencer: "[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." 523 U.S. at 18, 118 S. Ct. at 988. That observation is apt here. Petitioner no longer is subject to the action that he claims caused him harm, *i.e.,* his continued detention in immigration custody past the six month

1  presumptively reasonable limit on detention following a final order of
2  removal. As Petitioner does not allege any collateral consequences, and
3  none are apparent,[1] "[i]t is clear that the direct consequences of the
4  action challenged here can no longer be remedied in habeas." Cox v.
5  McCarthy, 829 F.2d 800, 803 (9th Cir. 1987).  No case or controversy
6  exists at this time, and this action is moot.

   For the foregoing reasons, the dismissal of this action due to
   mootness is warranted. Accordingly, IT IS ORDERED that:  the Petition
   is DISMISSED WITHOUT PREJUDICE on the ground of mootness; and Judgment
   shall be entered dismissing this action without prejudice.

DATED: October 31, 2012.

                                        _____
                                              TERRY J. HATTER, JR.
                                         UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
      MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

---

[1]  An exception to the mootness doctrine exists for petitioners who allege that they would suffer collateral legal consequences if their convictions were allowed to stand. *See, e.g.,* Spencer, 523 U.S. at 8-14, 118 S. Ct. at 983-86.  That doctrine is inapplicable here.